IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SCOTT NEWTON KERNS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MICHELLE LYNN KERNS | : | NO. 13-4547 |

MEMORANDUM

ROBRENO, J.                                         AUGUST 13, 2013

Plaintiff Scott Newton Kerns, a state prisoner, filed this civil action against his ex-wife, Michelle Lynne Kerns, seeking return of premarital property or the value of the property. The Court will grant plaintiff leave to proceed in forma pauperis, but, for the following reasons, will dismiss his complaint.

I. **FACTS**

Plaintiff and the defendant were divorced as of January 2011. According to the complaint, plaintiff believes he is entitled to certain premarital property, valued at $45,600; the defendant allegedly told plaintiff he could have the property in question. Plaintiff alleges that the state judge who presided over the divorce proceedings declined to address the property in those proceedings, and instructed plaintiff to file a replevin action, which he did. Plaintiff acquired a default judgment in the replevin action, but the judge vacated the judgment after concluding that the defendant had not been properly served. In that regard, plaintiff contends that the state judge is preventing his replevin action from proceeding. He believes that the judge is biased against him and is violating his

1

constitutional rights. Frustrated with his inability to obtain relief in state court, plaintiff filed this action, pursuant to 42 U.S.C. § 1983, seeking a declaration that his constitutional rights have been violated and requesting damages in the amount of $45,600 plus interest.[1]

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] Plaintiff also requests that the Court of Common Pleas be obligated to pay the costs of his lawsuit, and the institution of criminal charges against an individual who allegedly frustrated his attempts to serve the defendant. However, the Court of Common Pleas is not a defendant in this case and, in any event, cannot be sued under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005). Furthermore, a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

2

(2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). As nothing in the complaint suggests that plaintiff's ex-wife, the only defendant in this case, is a state actor, there is no basis for a § 1983 claim against her. Plaintiff has not named the state judge as a defendant in this case, but alleges that the judge violated his constitutional rights. However, he will not be permitted to amend his complaint to add the judge as a defendant because the judge is immune from suit based on the manner in which he handled plaintiff's replevin action.[2] See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (explaining that judges are absolutely immune from liability for their judicial acts); Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 199 (3d Cir. 2000) (noting the impropriety of declaratory relief in a § 1983 suit against a judge where a judge acts as an adjudicator).

---

[2] Nothing in the complaint suggests that the judge acted in "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978) (quotations omitted).

3

To the extent that the complaint can be construed to assert claims against the defendant under state law, the court lacks jurisdiction over those claims. A federal district court has diversity jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). Here, even assuming that the parties are diverse,[3] the value of the property in question is $45,600, below the jurisdictional threshold. Accordingly, any state claims must be dismissed for lack of jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's federal claims with prejudice and his state claims without prejudice. As plaintiff cannot cure the above-noted defects in his complaint, he will not be given leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). An appropriate order follows.

---

[3]An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). A prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment unless he intends to remain in the state of his incarceration upon release. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam); see also Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010).

4